UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MATTHEW ERIC HARGRAVE,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

Case No. 2:13-cv-02228-GMN-PAL

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (ECF No. 10).

**I.  PROCEDURAL HISTORY**

This case arises from petitioner's convictions in the Eighth Judicial District Court, Clark County, Nevada. On March 25, 2009, the State filed an indictment in case number C253084 which charged petitioner with 57 felony counts for possessing a forgery laboratory, the possession sale of personal identifying information to establish a false identity, and related crimes. (Exhibit 2).[1] On December 22, 2009, petitioner signed a guilty plea agreement in case number C253084, in which he pled guilty to one count of establishing or possessing a financial forgery laboratory and stipulated to small habitual criminal treatment; the State retained the right to argue for consecutive sentences. (Exhibit 4). In the guilty plea agreement, petitioner also agreed to plead guilty in case number C252936 to burglary and stipulated to large habitual criminal treatment with a sentence of 10-25 years. Petitioner further agreed to plead guilty in case number C254421 to possession of a firearm by an ex-felon and stipulated to small habitual criminal treatment. In the event the court in case number C253084 or C254421 sentenced him to 8-20 years to run consecutively to case number C252936, the State agreed not to seek consecutive time for the remaining cases. The State also

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 11.

agreed not to oppose dismissal of cases C253570, C253286, C252937, and C252743 and any remaining counts in case number C253084. (Exhibit 4).

On March 25, 2010, in case number C253084, the court sentenced petitioner to 96-240 months to run consecutively to case number C252936, with five days credit for time served. On April 1, 2010, the court filed a judgment of conviction in case number C253084. (Exhibit 5). Petitioner did not file a direct appeal.

On October 30, 2012, petitioner filed a *pro se* post-conviction habeas petition in state district court. (Exhibit 6). On February 25, 2013, petitioner filed a *pro se* supplement to his petition. (Exhibit 8). On March 29, 2013, the state district court filed an order dismissing the petition as time-barred pursuant to NRS 34.726, which provides that a post-conviction habeas petition must be filed within one year of the entry of the judgment of conviction. (Exhibit 12). Petitioner appealed. (Exhibit 13). On November 14, 2013, the Nevada Supreme Court affirmed the dismissal of the untimely post-conviction habeas petition, finding that petitioner failed to demonstrate good cause to excuse the untimely filing of the petition. (Exhibit 14). Remittitur issued on December 12, 2013. (Exhibit 15).

Petitioner dispatched his *pro se* federal habeas petition to this Court on November 26, 2013. (ECF No. 6, at p. 1, item 5). Respondents have filed the instant motion to dismiss the petition. (ECF No. 10). Petitioner filed an opposition to the motion to dismiss. (ECF No. 14). No reply was filed. This matter being fully briefed, the Court now considers the motion to dismiss the petition.

**II.    DISCUSSION**

Respondents argue that the federal petition was untimely filed. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Once the judgment of conviction becomes final, the petitioner has 365 days to file a federal habeas petition, with tolling of the time for filing during the pendency of a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment. 28 U.S.C. § 2244(d)(1), (2). A habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).

A criminal defendant in Nevada has thirty days from the entry of judgment to file his notice of appeal. Nev. R. App. P. 4(b). If the defendant does not seek direct review from the highest state court, the conviction becomes final when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d at 898. Once the judgment of conviction is final, the defendant has one year to file a federal habeas petition. 28 U.S.C. § 2244(d).

In the present case, petitioner's judgment of conviction in case number C253084 was filed on April 1, 2010. (Exhibit 5). Petitioner did not pursue a direct appeal of his judgment of conviction. Where a petitioner does not appeal from his judgment of conviction, the one-year AEDPA limitations period begins to run on the date on which the time to seek appeal expires. 28 U.S.C. § 2244(d)(1)(a); NRAP 4. Thus, petitioner's conviction became final on May 3, 2010, which was the deadline for filing a direct appeal from the judgment of conviction. The one-year AEDPA statute of limitations began to run on May 3, 2010, and expired on May 3, 2011. The first page of the federal habeas petition indicates that the petition was dispatched (given to prison staff for mailing) to this Court on November 26, 2013. (ECF No. 6, at p. 1, item 5). This Court deems petitioner's federal petition to be filed on November 26, 2013. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing). As such, the federal petition was filed over two years after the AEDPA statute of limitations had expired.

The Court notes that petitioner's state post-conviction habeas petition, which was untimely filed on October 30, 2012, did not statutorily toll the AEDPA statute of limitations. (Exhibit 6). The state district court denied the petition as untimely. (Exhibit 12). In the order of affirmance filed November 14, 2013, the Nevada Supreme Court held that petitioner's post-conviction state habeas petition was untimely pursuant to NRS 34.726 and that petitioner failed to demonstrate good cause for the delay in filing his petition. (Exhibit 14). Because it was untimely under state law, the state post-conviction habeas petition was not a "properly filed application" that would toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo,* 544 U.S. at 412-16. Further, the Court notes that petitioner's state post-conviction habeas petition was filed after the expiration of the AEDPA statute of limitations. An application for state post-conviction relief does not toll the AEDPA statute of limitations where the petitioner files it after the AEDPA statute of limitations has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). As such, petitioner is not entitled to statutory tolling during the pendency of his state post-conviction habeas petition, and the federal habeas petition is untimely.

The United States Supreme Court has held that the AEDPA's statute of limitations "is

subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). "[A] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'" *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)). "[A] garden variety claim of excusable neglect . . . such as a simple miscalculation that leads a [litigant] to miss a filing deadline . . . does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52 (internal quotations omitted). A *pro se* petitioner's lack of legal knowledge or sophistication is not, by itself, an extraordinary circumstance warranting tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). In the instant case, petitioner has failed to make any showing that he pursued his rights diligently and that any extraordinary circumstance prevented him from filing a timely federal habeas petition. Petitioner is not entitled to equitable tolling and the federal petition must be dismissed as untimely.

### III.   CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

IV. CONCLUSION

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

**DATED** this 26th day of January, 2015.

Gloria M. Navarro, Chief Judge
United States District Court